IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  05-cv-01007-WYD-MJW

INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL 1269,

> Plaintiff,

v.

DEX MEDIA EAST, L.L.C.,

> Defendant.

---

## ORDER

---

I.   <u>INTRODUCTION</u>

THIS MATTER is before the Court on Plaintiff's Motion for Summary Judgment (Federal Rule of Civil Procedure 56) [# 16], filed September 6, 2005; Defendant's Motion for Summary Judgment [# 23], filed September 30, 2005; and Plaintiff's Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 11(c) and 28 U.S.C. § 1927 [# 26], filed October 17, 2005.  The two motions for summary judgment address the same issue—i.e., whether arbitration is appropriate in this case.  I will address the summary judgment motions first and then consider Plaintiff's request for sanctions.

II.   <u>SUMMARY JUDGMENT MOTIONS</u>

A.   <u>Standard of Review</u>

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, the court may grant summary judgment where "the pleadings, depositions, answers to interrogatories,

and admissions on file, together with the affidavits, if any, show that there is no genuine

issue as to any material fact and the . . . moving party is entitled to judgment as a

matter of law." FED. R. CIV. P. 56(c); see Anderson v. Liberty Lobby, Inc., 477 U.S. 242,

250 (1986); Equal Employment Opportunity Comm. v. Horizon/CMS Healthcare Corp.,

220 F.3d 1184, 1190 (10th Cir. 2000).  "When applying this standard, the court must

'view the evidence and draw all reasonable inferences therefrom in the light most

favorable to the party opposing summary judgment.'" Atlantic Richfield Co. v. Farm

Credit Bank of Wichita, 226 F.3d 1138, 1148 (10th Cir. 2000) (quotation omitted).  All

doubts must be resolved in favor of the existence of triable issues of fact.  Boren v.

Southwestern Bell Tel. Co., 933 F.2d 891, 892 (10th Cir. 1991).

      B.    <u>Analysis</u>

      In its Motion for Summary Judgment and Amended Brief in Support of Plaintiff's

Motion for Summary Judgment, Plaintiff argues the parties' underlying labor dispute

should be submitted to arbitration.  In both Defendant's Response to Plaintiff's Motion

and its own Motion for Summary Judgment, it asserts that Plaintiff failed to file its

grievance within the twenty-eight-day time period mandated by the parties Collective

Bargaining Agreement ("CBA") and requests that the Court refuse to compel arbitration.

I address the motions together, because the same arguments are raised in both.

      By way of background, I note that Plaintiff is a labor organization representing

certain of Defendant's employees.  Plaintiff and Defendant agree that they are parties

to a written CBA, which requires that disputes over the interpretation and application of

the agreement to be resolved through a multi-step grievance and arbitration procedure.

Pl.'s Mot. at 2, ¶ 2; Def.'s Resp. at 1, ¶ 2.  The parties also agree that on November 17, 2004, at a meeting of representatives of both parties, Defendant informed Plaintiff that it would be offering its customers a new product called "Dex Web Clicks."  Pl.'s Mot. at 2, ¶ 4; Def.'s Resp. at 1, ¶ 4.  Defendant also proposed at that time that some sales of Dex Web Clicks would be handled by an outside sales vendor, rather than individuals represented by Plaintiff; Plaintiff's representatives stated at that time that they believed the sales should be handled by their members.  Pl.'s Mot. at 3, ¶ 6–7; Def.'s Resp. at 1, ¶ 6–7.  After further discussion between Plaintiff's Business Manager, Peter Pusateri, and Defendant's Director of Labor Relations, Patricia Bradford, about the program and the use of an outside vendor, Pusateri informed Bradford on February 10, 2005, that the Union was grieving the Dex Web Clicks program.  Pl.'s Mot. at 3, ¶ 13; Def.'s Resp. at 2, ¶ 13.  Plaintiff alleges that Defendant has violated certain provisions of the CBA, and Defendant claims that the grievance was untimely under the CBA.  PL.'s Mot. at 4, ¶ 16; Def.'s Resp. at 2, ¶ 16.

The issue between the parties is whether Plaintiff filed a timely grievance under the CBA and whether timeliness is an issue to be decided by this Court or by an arbitrator.  Defendant does not seem to dispute that the subject-matter of the parties' disagreement is covered by the parties' CBA.  Rather, Defendant posits that this is a case where "[i]n the absence of a factual dispute regarding the late submission of Plaintiff's grievance, the arbitrability of this matter is a question for the court."  Def.'s Resp. at 4.

Generally, "there is a strong federal policy encouraging the expeditious and

inexpensive resolution of disputes through arbitration." *Metz v. Merrill Lynch, Pierce,*

*Fenner & Smith, Inc.*, 39 F.3d 1482, 1488–89 (10th Cir. 1994).  To this end, courts must

interpret arbitration clauses liberally, and all doubts must be resolved in favor of

arbitration.  *Armijo v. Prudential Ins. Co. of America*, 72 F.3d 793, 798 (10th Cir. 1995).

Further, "[o]nce it is determined . . . that the parties are obligated to submit the subject

matter of a dispute to arbitration, 'procedural' questions which grow out of the dispute

and bear on its final disposition should be left to the arbitrator." *John Wiley & Sons,*

*Inc. v. Livingston*, 376 U.S. 543, 557 (1964).  This is because "[i]t would be a curious

rule which required that intertwined issues of 'substance' and 'procedure' growing out

of a single dispute and raising the same questions of the same facts had to be carved

up between two different forums, one deciding after the other." *Id.*

        Defendant concedes that "[d]isputes regarding timeliness are generally

questions of procedural arbitrability left to arbitrators . . . ."  Def.'s Resp. at 7.  It then

states that "a party may seek court intervention to deny arbitration if the court could

confidently say that the claim was strictly procedural and would bar arbitration

altogether." *Id.* Defendant relies on cases from the Fifth Circuit to support this view.

Specifically, Defendant looks to *Oil, Chemical and Atomic Workers' Int'l Union, Local 4-*

*447 v. Chevron Chem. Co.*, 815 F.2d 338 (5th Cir. 1987).  There, the Fifth Circuit relied

on the decision of *John Wiley* to determine if the case in front of it was the "rare" case

in which the court could decide an issue of procedural arbitrability.  *Id.* at 341 (citing

*John Wiley*, 376 U.S. at 557–58.)  The Fifth Circuit ultimately found that "since there is

a legitimate dispute as to the Union's compliance with the procedural requirements, this

case does not fit within the 'rare' group of cases to which the Supreme Court spoke in
*John Wiley*.  Rather, the substantive claims . . . are clearly arbitrable and, therefore,
*John Wiley* directs that the procedural questions involving the grievance should also be
decided by an arbitrator."  *Id.* at 342.

Defendant contends that the present case is the "rare" case contemplated by
*John Wiley* in which "it could confidently be said not only that a claim was strictly
'procedural,' and therefore within the purview of the court, but also that it should
operate to bar arbitration altogether . . . ."  *John Wiley*, 376 U.S. at 558.  Even if I found
this to be true, it is not clear that *John Wiley* requires the court—rather than an
arbitrator—to decide the issue.  In *John Wiley*, the Court, after establishing the rule that
procedural questions should be left to the arbitrator, stated, "*Even under a contrary
rule*, a court could deny arbitration only if it could confidently be said not only that a
claim was strictly 'procedural,' and therefore within the purview of the court, but also
that it should operate to bar arbitration altogether . . . ."  *Id.* (emphasis added).

Even though not necessarily required to do so, I find that this is not a case
where the claim is strictly procedural and would bar arbitration altogether.  Defendant
repeatedly asserts in its Response to Plaintiff's Motion and in its own Motion for
Summary Judgment that Plaintiff failed to file its grievance within the twenty-eight-day
time period established in the CBA and that arbitration is inappropriate on that basis.
Defendant claims that time for the grievance began to accrue on November 17, 2004,
or December 1, 2004.  Plaintiff, on the other hand, takes the position that the time
began to accrue when non-bargaining unit personnel began performing the work at

issue.  Based on the parties' varied assertions, I find that there are timing issues relating to Plaintiff's grievance which should be decided by an arbitrator.  Accordingly, Plaintiff's Motion for Summary Judgment (Federal Rule of Civil Procedure 56) is granted, and Defendant's Motion for Summary Judgment is denied.

III.    PLAINTIFF'S MOTION FOR SANCTIONS

On October 17, 2005, Plaintiff filed its Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 11(c) and 28 U.S.C. § 1927.  The basis of the motion is Defendant's refusal to arbitrate.  Plaintiff believes that "Defendant's actions contravene the overwhelming legal authority in this area and have resulted in a waste of judicial resources, time, and expense for all involved."  Pl.'s Mot. at 2.  Plaintiff further states, "Defendant has presented papers to the court—in the form of its Answer and Counterclaim, its Opposition to Plaintiff's Motion for Summary Judgment, and its own Motion for Summary Judgment—that are not 'warranted by existing law' (Fed.R.Civ.P. 11(b)(2)) and that have multiplied the proceedings unreasonably (28 U.S.C. § 1927)." *Id.* at 3.  Defendant responds by arguing that "[c]ontrasting interpretations over the law are not a proper basis for sanctions.  Furthermore, the presence of a factual dispute over the allegations made the basis for Plaintiff's lawsuit vitiates Plaintiff's motion for sanctions."  Def.'s Resp. at 3.

I agree with Defendant and find that Defendant's refusal to arbitrate does not warrant sanctions.  Accordingly, Plaintiff's Motion for Sanctions is denied.

IV.    CONCLUSION

Based upon the foregoing, it is

ORDERED that Plaintiff's Motion for Summary Judgment (Federal Rule of Civil Procedure 56) is **GRANTED**.  It is

FURTHER ORDERED that Defendant submit the entire dispute in this case to a neutral arbitrator in a single proceeding that resolves all issues arising from the grievance.  The arbitrator is to be selected in accordance with the procedures in the collective bargaining agreement of the parties.  It is

FURTHER ORDERED that Defendant's Motion for Summary Judgment is **DENIED**.  It is

FURTHER ORDERED that Plaintiff's Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 11(c) and 28 U.S.C. § 1927 is **DENIED**.  It is

FURTHER ORDERED that the final trial preparation conference set for Tuesday, November 7, 2006, at 8:30 a.m. and the trial set for Monday, November 27, 2006, are **VACATED**.  It is

FURTHER ORDERED that this case is administratively closed, to be reopened for good cause shown pursuant to D.C.COLO.LCivR 41.2.

Dated:  July 27, 2006

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge